IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEFFERY CHAD PALMER, et al.** § | | **PLAINTIFFS** |
| § | | |
| v. § | | Civil No. 1:15cv34-HSO-JCG |
| § | | |
| **SUN COAST CONTRACTING** § | | |
| **SERVICES, LLC, et al.** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS [8] FEDERAL DEFENDANTS**

BEFORE THE COURT is a Motion [8] by Defendants Federal Emergency Management Agency ("FEMA") and the U.S. Army Corps of Engineers (the "Corps") (collectively, the "Federal Defendants") to dismiss all claims against them in this civil action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Motion has been fully briefed. Because Plaintiffs have not asserted a viable claim for relief against either Federal Defendant, the Court will grant the Motion [8] and Plaintiffs' claims against FEMA and the Corps will be dismissed.

I. BACKGROUND

Plaintiffs are homeowners in Ravenwood Subdivision in Pearl River County, Mississippi. Ravenwood is located on the west side of a stream called Alligator Branch. The east side of the stream formerly contained vacant, flat land. Starting in 2012, this land was developed and now houses a plant (the "Plant") designed to produce "frac sand," a type of sand used in hydraulic fracturing projects. On February 5, 2015, Plaintiffs filed their Complaint in this civil action, challenging the development and construction of the Plant and an associated rail spur.

Plaintiffs allege that vibrations from pile-driving during construction caused their homes to crack; that development of the land has increased flooding in their subdivision; that the Plant produces continuous loud noises as it runs throughout the night; that the Plant emits a "nauseating foul smell;" and that dust from the Plant's operations settles over their property. Compl. [1], at 11–12. Based on these allegations, Counts 1–3 of the Complaint assert claims for (1) negligence, (2) trespass, and (3) private nuisance against various entities associated with the development of the Plant.[1] *Id.* at 13–15.

Count 4 of Plaintiffs' Complaint is subtitled "Declaratory Ruling" and sets forth that the Plant was constructed in violation of FEMA Covenants requiring the land to be maintained as a perpetual open space. *Id.* at 15. Plaintiffs ask the Court to "declare the rail spur to be in violation of the FEMA Covenants," but do not request relief against FEMA, stating "Plaintiffs include FEMA in this matter so it has notice that the rail spur is built in direct violation of its findings." *Id.*

Count 5 of Plaintiffs' Complaint alleges that the Corps decided to authorize an "after-the-fact permit" for construction of the Plant without requiring an environmental impact statement or allowing for public hearing. *Id.* at 16. Plaintiffs ask the Court to issue an order "vacating the Corps' after-the-fact Section

---

[1] The nine named non-federal Defendants are: (1) Sun Coast Contracting Services, LLC; (2) Integrated Pro Services, LLC; (3) Ranger Contracting, LLC; (4) H&H Trucking, LLC; (5) Advanced Inc. Group; (6) AHG Solutions, LLC; (7) Linfield, Hunter & Junius, Inc.; (8) Shale Support Services, LLC; and (9) Drying Facility Asset Holdings, LLC. Plaintiffs also name John Does 1–5 as Defendants.

2

404 permit approving construction of the frac sand plant." *Id.* at 17.

Federal Defendants move the Court to dismiss them from this civil action, arguing that (1) Plaintiffs fail to state any claim against FEMA, and (2) the Court lacks jurisdiction over Plaintiffs' claims against the Corps because there had been no final agency action on the permitting process at the time the Complaint was filed. Mem. Supp. Mot. [9], at 1–2. Specifically, Federal Defendants note that the only permit issued by the Corps in connection with the Plant and rail spur was issued on April 10, 2015, over two months after the Complaint was filed in this action, on February 5, 2015. The Corps has provided a copy of the permit at issue and a declaration from one of its Program Managers, Charlene Mosley, to confirm that "at the time the Complaint was filed, a permit application authorizing the activity in question was pending, but no permit had been issued." *Id.* at 7. Federal Defendants request that the Court (1) dismiss FEMA as a Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiffs' failure to state a claim, and (2) dismiss the Corps pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

## II. DISCUSSION

A.    Legal Standard

Because Federal Defendants rely on separate provisions of Federal Rule of Civil Procedure 12(b) in moving the Court for dismissal, the Court considers the Motion to Dismiss [8] under differing standards for FEMA and the Corps.

1. <u>Rule 12(b)(6) Motion to Dismiss FEMA for Failure to State a Claim</u>

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014). Rather, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2. <u>Rule 12(b)(1) Motion to Dismiss the Corps for Lack of Subject-Matter Jurisdiction</u>

To survive a Rule 12(b)(1) motion to dismiss, Plaintiffs must establish that federal subject-matter jurisdiction exists over their claims. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."). "A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by

4

the undisputed facts plus the court's resolution of the disputed facts." *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012).

B.  FEMA's 12(b)(6) Dismissal

The Complaint does not state a claim for relief against FEMA.  Rather, Plaintiffs state that they included FEMA as a Defendant in this matter "so it has notice that the rail spur is built in direct violation of its findings."  Compl. [1] at 15.  In their Response [11], Plaintiffs admit that they did not plead sufficient "factual content" to allow the Court to draw a reasonable inference that FEMA is liable for any misconduct.  Resp. [11], at 2 ("Here, Ravenwood attempted to alert FEMA to the injustice being carried out and, admittedly, provided scant facts in the hopes FEMA would act appropriately. Ravenwood prays for leave to amend its complaint.").[2]

Article III limits the jurisdiction of federal courts to "Cases" and "Controversies" among parties.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, (1992).  A federal lawsuit is not the proper vehicle for notifying federal agencies of "injustice."  As Plaintiffs have not asserted any claim for relief against FEMA, FEMA will be dismissed.

C.  The Corps' 12(b)(1) Dismissal

---

[2] Though Plaintiffs ask for leave to amend their Complaint in their Response [11], they have not submitted an amended complaint or otherwise moved the Court for permission to do so in accordance with this District's rules. *See* L.U. CIV. R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule.");  L.U. CIV. R. 15 ("A proposed amended pleading must be an exhibit to a motion for leave to file such pleading.").

The Corps is an agency of the United States; federal courts do not have jurisdiction to hear suits against the United States government absent an express waiver of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."). Congress has waived the sovereign immunity of agencies of the United States in the Administrative Procedure Act (the "APA"), 5 U.S.C. § 702, but it has also provided that only final agency actions, and not "preliminary, procedural, or intermediate" agency actions, are subject to judicial review. 5 U.S.C. § 704; *see also Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) ("The APA permits non-statutory judicial review only of final agency action.").

For an agency action to be considered "final," it (1) must signal the end of the agency's decisionmaking process, and (2) must determine rights and obligations or have legal consequences. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). If an agency's action is not yet final, a court lacks subject-matter jurisdiction to consider a plaintiff's challenge, and "the plaintiff must await resolution of the agency's inquiry and challenge the final agency decision." *Belle Co. v. U.S. Army Corps of Engineers*, 761 F.3d 383, 388 (5th Cir. 2014); *Veldhoen*, 35 F.3d at 225. For the Court to have subject-matter jurisdiction over Plaintiffs' claims against the Corps, the Corps must have taken some final agency action prior to the filing of Plaintiffs' Complaint. *See Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir. 1994)

("Subject-matter jurisdiction is determined at the time that the complaint is filed.").

Plaintiffs filed their Complaint in this civil action on February 5, 2015. Not until April 10, 2015, did the Corps issue a permit to Defendant Drying Facility Asset Holdings, LLC, allowing it to perform "land clearing and associated discharge of fill material into wetlands." Permit [8-2], at 1. The permit clearly states that it "becomes effective" when signed by the designated Federal official. *Id.* at 4. Before the permit was signed on April 10, 2015, the Corps' decisionmaking process was not final and the rights and obligations of the permit-applicant had not yet been determined. Plaintiffs do not dispute the order of events in their Response. Resp. [11], at 2. When Plaintiffs filed their Complaint on February 5, 2015, the Court lacked subject-matter jurisdiction over their claims against the Corps related to a permit process that would not result in a final agency action until April 10, 2015. *See Belle Co.*, 761 F.3d at 388.

Moreover, that a permit has now issued and the Corps' decision is now final does not operate to breathe life into Plaintiffs' formerly deficient Complaint. The district court in *West v. U.S. Army Corps of Engineers* faced nearly identical facts regarding the finality of the Corps' action when the plaintiff filed his original complaint on September 11, 2006, but the Corps did not approve the project he challenged until August 22, 2007. No. C06-5516 RBL, 2007 WL 4365790, at *3 (W.D. Wash. Dec. 12, 2007). The court dismissed the plaintiff's claims against the Corps even though the project had since been approved, finding that "[b]ecause plaintiff filed his original complaint prior to the final agency action by the Corps

7

this Court did not have subject-matter jurisdiction at the time the original complaint was filed." *Id.* In doing so, the court noted the well-settled principle that "[i]f jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Id.* (quoting *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)); *see also Mobil Oil Corp. v. Kelley*, 493 F.2d 784, 786 (5th Cir. 1974) (noting that jurisdiction "is determined at the outset of the suit"). The Corps will be dismissed because the Court lacks subject-matter jurisdiction over Plaintiffs' claims against it.[3]

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [8] to Dismiss Federal Defendants is **GRANTED**. Plaintiff's claims against the Federal Emergency Management Agency and the U.S. Army Corps of Engineers in this civil action are hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of October, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[3] With both Federal Defendants dismissed from this civil action, the Court's jurisdictional authority is based only on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Some Defendants in this action have not yet entered an appearance, and the Court will be mindful to scrutinize the citizenship of the remaining Defendants to ensure that complete diversity of citizenship exists among the parties.