**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JEFFERY CHAD PALMER, et al.**                                    **PLAINTIFFS**

**v.**                                                             **CIVIL NO. 1:15cv34-HSO-JCG**

**SUN COAST CONTRACTING SERVICES, INC., et al.**        **DEFENDANTS**

<u>**ORDER DENYING PLAINTIFFS' MOTIONS FOR
PARTIAL SUMMARY JUDGMENT ON THE ISSUE
OF DUE CARE AGAINST DEFENDANT DRYING
FACILITIES (SIC) ASSET HOLDINGS, LLC, [238], AND
DEFENDANT LINFIELD, HUNTER & JUNIS, INC. [261]**</u>

BEFORE THE COURT are Plaintiffs' Motions for Partial Summary Judgment on the Issue of Due Care against Defendant Drying Facilities (sic) Asset Holdings, LLC, [238], and Defendant Linfield, Hunter & Junis, Inc. [261]. These Motions are fully briefed. For the reasons that follow, the Court finds that Plaintiffs' Motions are not well taken and should be denied, and that Plaintiffs should not be permitted to pursue a negligence per se theory of liability at trial.

                                      I.    <u>BACKGROUND</u>

A.    <u>Facts and Procedural History</u>

Plaintiffs Jeffery Chad Palmer, Brenda and Mark Rody, Donald and Jennifer Juan, David and Karen Taporco, Kimberly and Milton J. Jacobs, Jr., Mary and Nicholas Sciambra, and Anthony Pressley ("Plaintiffs") are owners of houses in the Ravenwood Subdivision located in an "unincorporated section of Pearl River County, Mississippi ("PRC")[,] just south of the city limits of Picayune, Mississippi." Am. Compl. [68] at 2, 6. Plaintiffs allege that at the time they purchased their

houses in Ravenwood Subdivision ("Ravenwood"), the land comprising Ravenwood together with a larger parcel of land served as a "watershed" for the Alligator Branch waterway and allowed the overflow of that waterway to move "east and west away from" Ravenwood. *Id*. at 6-7.

Plaintiffs contend that beginning on February 23, 2012, their houses began "vibrating violently" when Defendants began driving large pilings into the ground on a section of land contained within the watershed. *Id*. at 8-9. Plaintiffs complained to the Pearl River County Board of Supervisors (the "Board") and the contractors but the construction/vibrations continued. *Id*. Plaintiffs also questioned the Board about the dump trucks that were coming and going from the property. *Id*.

The Board allegedly did not respond to Plaintiffs' complaints or inquires until at a meeting held on March 5, 2012, when the Board announced that Defendant Alliance Consulting Group, LLC ("Alliance"), had previously been granted permission to construct a "frac sand plant" ("the Plant") on a section of land contained within the watershed that Alliance had leased from Defendant AHG Solutions, LLC. *Id*. at 6, 8. Later in 2015, "a multi-track railroad spur" was constructed at the Plant. Linfield, Hunter & Junis, Inc., Mem. Summ. J. [233] at 3.

On February 5, 2015, Plaintiffs filed a Complaint [1] in this Court against a number of Defendants, alleging they had suffered damages to their houses and

quality of life due to the construction and operation of the Plant and the associated rail spur. Plaintiffs filed an Amended Complaint on February 4, 2016, naming as Defendants Sun Coast Contracting Services, LLC; Integrated Pro Services, LLC; Ranger Contracting, LLC; H&H Trucking, LLC; AHG Solutions, LLC; Linfield, Hunter & Junius, Inc.; Shale Support Services, LLC; Drying Facility Asset Holdings, LLC; and ELOS Environmental, LLC.[1] Am. Compl. [68] at 2-4.

Plaintiffs allege that vibrations from pile-driving during construction caused "obvious and visible cracks in the brick veneer of their homes, cracks in the stucco, separations of the walls in comers (sic) and around doors and windows, windows that would no longer open, and cracks" in the foundations of the houses; that development of the land increased flooding in their subdivision; that the Plant produces continuous loud noises as it runs throughout the night; that the Plant emits a "nauseating foul smell;" and that dust from the Plant's operations settles over their property. *Id*. at 9-13. The Amended Complaint asserts claims against Defendants in four separate counts, specifically for: (1) Negligence; (2) Trespass; (3) Private Nuisance; and (4) a Declaratory Ruling. *Id*. at 11-13.

---

[1] Plaintiffs' original Complaint also named the Federal Emergency Management Agency and the United States Army Corp of Engineers; however, these Defendants were dismissed by the Court's October 6, 2015, Order [24]. The Complaint had also identified Advanced Inc. Group as a Defendant but Advanced was omitted from the Amended Complaint.

B.   Plaintiffs' Motions for Partial Summary Judgment on the Issue of Due Care.

On March 20, 2017, Plaintiffs filed a Motion for Partial Summary Judgment on the Issue of Due Care against Defendant Drying Facilities (sic) Asset Holdings, LLC ("Drying Facility"), [238], and on March 28, 2017, they filed their Motion against Defendant Linfield, Hunter & Junis, Inc. ("LH&J") [261]. Defendant Drying Facility is the current owner of the "sand drying and sorting facility (the "Plant") located at 105 Street A, Picayune, Mississippi in the City of Picayune's Industrial Park," having purchased the Plant in October 2014. Drying Facility Mem. Summ. J. [235] at 2-7. Defendant LH&J "is an engineering/architecture, land survey, and landscape architecture and design firm established in 1957." LH&J Mem. Summ. J. [233] at 3. LH&J entered into three contracts related to the Plant: "(1) land surveying, (2) architecture relative to the control building located on the site, and (3) drainage design for the site." LH&J Mem. Summ. J. [233] at 4.

Plaintiffs' present Motions allege that these Defendants had "a duty to take into consideration all flood hazard issues related to design, construction and operation of the frac sand plant." Mot. [238] at 1; Mot. [261] at 1. Plaintiffs argue in their Motions that Defendants Drying Facility and LH&J ("Defendants") were "negligent as a matter of law because [they] failed to follow the City and County ordinances and Plaintiffs are within the class protected by the ordinances and suffered the type of harm sustained protected (sic) by the ordinances." Mot. [238] at 2; Mot. [261] at 2. Plaintiffs seek a partial summary judgment against

4

Defendants on the issue of due care on the theory that these two Defendants are negligent per se for violating City and County flood ordinances, leaving only the issues of causation and damages for trial as against them. Specifically, Plaintiffs claim that Defendants violated the Flood Damage Prevention Ordinance for the City of Picayune, Mississippi, *see* Ex. 2 [261-2] at 1, and the Flood Damage Prevention Ordinance for Pearl River County, Mississippi, *see* Ex. 3 [261-3] at 1-2.

Defendants' Responses [275] [287] maintain that Plaintiffs have not established that Defendants were negligent per se, Resp. [275] at 1; Resp. [287] at 1, and that Plaintiffs' Motions should be denied because the Amended Complaint failed to allege a cause of action for negligence per se, Mem. in Opp'n [276] at 3-4; Mem. in Opp'n [288] at 2. Alternatively, Defendants assert that Plaintiffs have failed to show that they have a right of private action for any alleged violation of the City or County ordinances, or that Defendants have violated the ordinances. Mem. in Opp'n [276] at 4-9; Mem. in Opp'n [288] at 2-7. Defendants further argue that Plaintiffs cannot establish causation.

## II. DISCUSSION

A. Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court "view[s] the evidence

and draw[s] reasonable inferences in the light most favorable to the nonmoving party." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Cox*, 755 F.3d at 233); *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant, general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). An actual controversy exists "when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quotation omitted).

6

B.  <u>Plaintiffs' Motions for Partial Summary Judgment [238] [261] should be denied because the Amended Complaint [68] failed to assert a cause of action for negligence per se.</u>

Plaintiffs seek entry of a partial summary judgment that Drying Facility and LH&J are negligent per se for violating City and County flood ordinances, leaving only the issues of causation and damages for trial. Defendants contend, among other things, that Plaintiffs' Motions should be denied because the Amended Complaint does not assert a claim for negligence per se.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). The Amended Complaint clearly stated a claim for negligence, as follows:

**COUNT 1**
**NEGLIGENCE**

33. Defendants AHG, DFAH, S3, Linfield, Hunter & Junius, Inc., ELOS, Sun Coast Contracting Services, LLC, Integrated Pro Services, LLC, Ranger Contracting, LLC, H&H Trucking, LLC and John Does 1-5 had a duty to take into consideration all flood hazard issues related to the design, construction and operation of the frac sand plant.

34. Defendants breached that duty by beginning construction before permits were obtained, failing to properly apply for permits, failing to act reasonably in anticipating damage that may occur to Plaintiffs, and failing to take ameliorative steps as may be reasonably necessary or appropriate to assure that the Plaintiffs' land, improvements and ability to peacefully enjoy their homes was not burdened inequitably.

35. Defendants failed to act in a reasonable and prudent way to safeguard the correlative interests of Plaintiffs.

Am. Compl. [68] at 11-13.

Although the Amended Complaint did not specifically state a claim for negligence per se, under Mississippi law "negligence *per se* is a subset of negligence in general, whether it be contributory, comparative or otherwise. Thus a pleading of negligence . . . would encompass negligence *per se*." *Snapp v. Harrison*, 699 So. 2d 567, 571 (Miss. 1997) (emphasis in original). However, for Plaintiffs' assertion of their negligence claim in Count 1 to "encompass" a negligence per se claim, Plaintiffs were still required to adequately plead a "negligence per se" claim within the meaning of the Federal Rules of Civil Procedure.

Under Mississippi law, to adequately plead a negligence per se claim premised upon the violation of a statute or an ordinance, a plaintiff must plead that: "(1) the defendant breached a statute or ordinance; (2) the plaintiff was within the class protected by the statute or ordinance; and (3) 'the violation proximately caused his injury.'" *Faul v. Perlman*, 104 So. 3d 148, 156 (Miss. Ct. App. 2012) (quoting *Palmer v. Anderson Infirmary Benevolence Ass'n,* 656 So. 2d 790, 796 (Miss. 1995)). No such allegations appear in Count 1.

In the present case, Plaintiffs' claim for negligence did not identify any statute or ordinance, did not allege that Plaintiffs were within the class protected by the statute or ordinance, and did not allege that their injuries were proximately caused by Defendants' alleged violation of a statute or ordinance. The Court finds

8

that Plaintiffs' negligence claim in Count 1 did not include any of the elements required to properly assert a claim for negligence per se. *See Benson v. Rather*, 211 So. 3d 748, 755-56 (Miss. Ct. App. 2016) (finding that plaintiff failed to plead a cause of action that an alleged violation of the International Building Code constituted negligence per se); *Faul,* 104 So. 2d at 156 (finding that trial court properly dismissed negligence per se claim as insufficiently pleaded).

A plain reading of the Amended Complaint reveals that Plaintiffs did not sufficiently plead a claim for negligence per se, nor have they presented sufficient competent summary judgment proof that they are entitled to a partial summary judgment on their negligence per se claims as to either Defendant.[2]

C.  <u>To the extent Plaintiffs' Motions could be construed as containing a request for leave of Court to amend their Complaint, such a request should be denied.</u>

Plaintiffs' Motions contain no specific request for leave to amend their pleadings. To the extent Plaintiffs' Motions could be construed as seeking leave to amend their Amended Complaint, Plaintiffs have failed to show "good cause" for

---

[2] Alternatively, Defendants argue that Plaintiffs' Motions should be denied because Plaintiffs have cited to no authority to support their position that they enjoy a private right of action to seek redress of any violation of either the City or County ordinances. *See Hill v. City of Horn Lake*, 160 So. 3d 671, 681 (5th Cir. 2015); *see also City of Houston v. Tri-Lakes Limited*, 681 So. 2d 104, 109-10 (Miss. 1996). Without deciding this alternative argument on the merits, at a minimum it appears that Plaintiffs have not carried their initial summary judgment burden to establish that they have a private right of action under either the City or County ordinances. It is undisputed that Plaintiffs do not live in the City, thus the City Ordinance can afford them no private right of action. Also, the County Ordinance, by its own terms, does not appear to create a private right of action, and Plaintiffs have offered no other legal authority to support their position.

allowing an untimely amendment. Under the standard of Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." In determining whether good cause exists

> [u]nder Federal Rule of Civil Procedure 16(b)(4), "[a] [scheduling order] may be modified only for good cause and with the judge's consent." To show good cause, the party seeking to modify the scheduling order has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (internal quotation marks and citation omitted). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (internal quotation marks and citation omitted).

*Squyres v. Helico Cos. LLC*, 782 F.3d 224, 237 (5th Cir. 2015).

This case has been pending since February 5, 2015. The Case Management Order [32] set the deadline for filing amended pleadings for December 28, 2015. On December 28, 2015, Plaintiffs filed a Motion [50] seeking leave to amend their Complaint [1], which this Court granted in its January 19, 2016, Order [64]. On February 4, 2016, Plaintiffs filed their Amended Complaint [68].

The deadline for submitting amended pleadings passed over a year and a half ago and this case is set for trial on the Court's August 2017 trial calendar. To the extent Plaintiffs' Motions could somehow be construed to seek leave to amend their Complaint [68], such an "eleventh-hour" request should be denied because Plaintiffs

10

have not shown good cause within the meaning of Rule 16(b)(4). *Waterman v. McKinney Indep. Sch. Dist.*, 642 F. App'x 363, 368 (5th Cir. 2016) (quoting *Hypes ex rel. Hypes v. First Commerce Corp.*, 134 F.3d 721, 728 (5th Cir. 1998)). Indeed, Plaintiffs have made no real effort to explain or argue how any of the four factors relevant to the good cause standard are satisfied here. No explanation has been offered for the failure to comply with the scheduling order, or how the potential prejudice to opposing parties would not be significant, and the Court finds that Defendants would be significantly prejudiced. In addition, a continuance would only serve to further delay the trial of this case, which has been pending for nearly two and a half years.

Based on the totality of the circumstances and the record, and because the Amended Complaint set forth no proper claim for negligence per se, the Court finds that Plaintiffs should not be permitted to pursue a negligence per se theory of liability at trial.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. After review of Plaintiffs' Motions [238] [261], Defendants' Responses, the record and relevant legal authority, the Court finds that Plaintiffs failed to adequately plead a claim for negligence per se, and further have failed to sustain their burden of proof under the summary judgment standard that Defendants were negligent per se.

11

Plaintiffs' Motions will be denied, and they will not be permitted to pursue a negligence per se theory of liability at trial.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Plaintiffs' Motions for Partial Summary Judgment on the Issue of Due Care against Defendant Drying Facilities (sic) Asset Holdings, LLC [238], and Defendant Linfield, Hunter & Junis, Inc. [261] are **DENIED,** and Plaintiffs will be prohibited from pursuing a negligence per se claim at trial.

**SO ORDERED AND ADJUDGED**, this the 7th day of July, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE