IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEFFERY CHAD PALMER, et al.**                                               **PLAINTIFFS**

v.                                                          CIVIL NO. 1:15cv34-HSO-JCG

**SUN COAST CONTRACTING SERVICES, INC., et al.**            **DEFENDANTS**

### ORDER DENYING PLAINTIFFS' MOTION [366] FOR RECONSIDERATION

BEFORE THE COURT is Plaintiffs' Motion [366] for Reconsideration filed on July 26, 2017. Plaintiffs ask the Court to reconsider its July 7, 2017, Order [333] Granting the Joint Motion [230] of Defendants Drying Facility Asset Holdings, LLC, Shale Support Services, LLC, and Linfield, Hunter & Junis, Inc., to Exclude or Limit the Testimony of Plaintiffs' Proffered Expert, Jamie Saxon, under Federal Rule of Evidence 702 and *Daubert*. Having considered the Motion, the record, and relevant legal authority, the Court is of the opinion that Plaintiffs' Motion for Reconsideration should be denied.

### I. BACKGROUND

Of relevance here, Plaintiffs have asserted that the construction and operation of a "frac sand plant" ("the Plant") and a multi-track railroad spur on property near houses owned by them has damaged their structures due to vibrations and increased flooding in their subdivision. Plaintiffs designated Jamie Saxon, P.E., as a structural engineer to opine on the causal relationship between the construction/operation of the Plant and the damages to Plaintiffs' houses.

On March 20, 2017, Defendants filed a Joint Motion [230] to Exclude or Limit Saxon's testimony under Federal Rule of Evidence 702 and *Daubert*. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). On July 7, 2017, the Court granted the parties' Joint Motion [230] and held that Saxon would not be permitted to testify at trial. *See* Order [333] at 13-14.

On July 20, 2017, the Court conducted a Pretrial Conference. This matter is set for a two-week jury trial commencing on August 14, 2017. On July 26, 2017, less than three weeks before trial is scheduled to commence, Plaintiffs filed a Motion for Reconsideration [366], asking the Court to reconsider its Order [333] excluding Saxon's testimony. Mot. [366] at 1-2. Plaintiffs rely upon Federal Rule of Civil Procedure 59(e). *Id.*

## II. DISCUSSION

A.  The Court will consider Plaintiffs' Motion pursuant to Rule 54(b).

"Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action . . . .'" *Austin v. Kroger Texas, L.P.*, No. 16-10502, 2017 WL 1379453, at *8 (5th Cir. Apr. 14, 2017) (quoting Fed. R. Civ. P. 54(b)). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* at *9 (quotation omitted); *see also Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720,

727-28 (5th Cir. 2012).

B.  <u>Plaintiffs' Motion is not well taken and will be denied.</u>

The Court excluded Saxon because Plaintiffs had not demonstrated: (1) that Saxon was qualified to offer the opinions for which he was designated; (2) that Saxon employed an accepted or reliable methodology; or (3) that Saxon based his opinions on sufficient facts or data.  Order [333] at 10-13.  Plaintiffs have now submitted a two-and-a-half page Affidavit [366-1] recently executed by Saxon "to address issues that are contained in [his] report of April 29, 2016, that may have been misunderstood or misinterpreted."  Saxon's Aff. [366-1] at 1.  Plaintiffs therefore ask the Court to reconsider its Order [333] excluding Saxon's testimony at trial.

1.  <u>Saxon's Affidavit [366-1] is untimely.</u>

To the extent that Saxon's Affidavit [366-1] discloses additional information or could be construed as containing a new or even supplemental opinion, it is untimely.  *See* Fed. R. Civ. P. 26; L.U. Civ. R. 26.  Plaintiffs' expert designation deadline was April 29, 2016, *see* Apr. 12, 2016, Text Only Am. Case Mgmt. Order, and discovery was due by January 30, 2017, *see* Oct. 24, 2016, Text Only Am. Case Mgmt. Order.  The trial in this matter is scheduled to commence in about two-and-a-half weeks.

The United States Courts of Appeals for the Fifth Circuit reviews a court's exercise of discretion to exclude evidence that was not properly disclosed by considering the following four factors: "(1) the explanation for the failure to identify

the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). To the extent Saxon's Affidavit is deemed to contain a new or supplemental opinion, the Court finds that these factors weigh in favor of exclusion.

However, even if the Court accepts Saxon's Affidavit as a supplemental opinion, the result here does not change. Plaintiffs have not met their burden under *Daubert*.

2. <u>Plaintiffs have not demonstrated that Saxon is qualified to render the opinions contained in his April 29, 2016, Report.</u>

"An expert witness's testimony should be excluded if the district court finds that the witness is not qualified to testify in a particular field or on a given subject." *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016). An expert must possess at least one of the requirements of "knowledge, skill, experience, training, *or* education" on the relevant subject in order to qualify as an expert. *United States v. Liu*, 716 F.3d 159, 168 (5th Cir. 2013) (emphasis in original) (quoting Fed. R. Evid. 702).

Plaintiffs again solely rely upon Saxon's résumé [283-1] to argue that he is qualified to render the opinions in his Report. Plaintiffs argue that Saxon's résumé "shows he is a highly qualified structural engineer with a great deal of expertise in foundations, especially in areas where soil is an issue like found in and around the New Orleans area." Pls.' Mem. [367] at 3. Leaving aside the fact that the property

at issue in this case is not located in New Orleans, Saxon adds no supplemental information as to his qualifications in his Affidavit [366-1].

Saxon's résumé [283-1] states that he received a bachelor of science degree in civil engineering, and that Saxon

> has worked with Morphy, Makofsky, Inc. as an engineer since 1993. He has been responsible for foundation and structural design as well as analysis on residential, commercial, military, industrial, levee structures, and drainage pump stations. His duties have included field investigations to assess damages, formulation and detailing of necessary repairs, cost estimation, and supervision of the repairs. Many of these projects have included dock and wharf structures.
>
> Mr. Saxon's past structural and civil engineering design has included many complex and unique foundation systems including pile mat footings and mono-pile foundations.

Résumé [283-1] at 1.

There is no indication that Saxon professes to be an expert in ascertaining the cause of structural damages where the issue is indirect damage to a structure from vibrations traveling through the ground, particularly where soil composition is a factor in the analysis. As the Court noted in its Order [333], Saxon admitted in his deposition that he had no such experience. Saxon's Dep. [230-2] at 8 (page 28 as paginated by the court reporter); *see also* Order [333] at 10. Nor is there any indication that Saxon otherwise possesses any knowledge, skill, experience, training, or education on this specific relevant subject. *See* Fed. R. Evid. 702; *Liu*, 716 F.3d at 168.

Saxon nevertheless opined in his Report on the cause of alleged indirect structural damage resulting from differential movements caused by soil settlement

due to densification.  Report [230-1] at 3-4.  According to Saxon, intermittent pounding vibrations from driving pipe and sheet piles and continuous low vibrations from other construction activity and daily operations of the Plant and rail spur, augmented by more frequent and longer-lasting flooding, has caused densification of the fill material placed below each of the houses.  *Id.* at 4.

Plaintiffs have still not shown that Saxon is qualified to proffer the opinions on the subject contained in his Report.  Nor have Plaintiffs shown any reason sufficient for the Court to reconsider its prior Order [333].  Plaintiffs' Motion [366] for Reconsideration will be denied.

    3.    <u>Plaintiffs have not shown that Saxon employed an accepted or reliable methodology or that he based his opinions on sufficient facts or data.</u>

Assuming Saxon were minimally qualified to opine on the cause of Plaintiffs' structural damage, Plaintiffs have not carried their burden of demonstrating that Saxon employed an accepted or reliable methodology.  Even if the Court were to consider the additional explanation contained in Saxon's Affidavit, which is grossly untimely and disclosed beyond the discovery deadline and on the eve of trial, it is apparent that Saxon conducted no independent engineering analysis of his own and performed no calculations.  Saxon's Affidavit [366-1] does not cure these defects in his Report.

Nor have Plaintiffs shown that Saxon based his opinions on sufficient facts or data.  "[W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible."  *Hathaway v. Bazany*, 507 F.3d 312, 318

(5th Cir. 2007) (quotation omitted).  Saxon's opinions constitute impermissible *ipse dixit*.  Plaintiffs have not met their burden under *Daubert*.

### III.  CONCLUSION

Plaintiffs have not demonstrated any sufficient basis for the Court to reconsider its prior Order [333].  Plaintiffs' Motion for Reconsideration is not well taken and will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motion [366] for Reconsideration is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 27th day of July, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE