IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEFFERY CHAD PALMER, et al.**                              **PLAINTIFFS**

**v.**                                           **CIVIL NO. 1:15cv34-HSO-JCG**

**SUN COAST CONTRACTING SERVICES, INC., et al.**        **DEFENDANTS**

### ORDER GRANTING DEFENDANT LINFIELD HUNTER & JUNIUS, INC.'S MOTION [324] IN LIMINE, AND GRANTING IN PART AND DENYING IN PART DEFENDANT DRYING FACILITY ASSET HOLDINGS, LLC'S MOTION [326] IN LIMINE

BEFORE THE COURT are Defendant Linfield Hunter & Junius, Inc.'s Motion [324] in Limine to Exclude Non-Disclosed Expert Opinions, Improper Lay Opinions, and Hearsay Opinions regarding Damages, and Defendant Drying Facility Asset Holdings, LLC's Motion [326] in Limine to Preclude Improper Testimony on Damages and Defendant's Operations.[1]  Plaintiffs have filed a Response [343] in Opposition to Defendant Linfield Hunter & Junius, Inc.'s ("LH&J") Motion, and an Amended Response in Opposition [354] to Defendant Drying Facility Asset Holdings, LLC's ("Drying Facility") Motion.  Having considered the Motions, Responses, the record, and relevant legal authority, the Court finds that LH&J's Motion [324] should be granted, and that Drying Facility's Motion [326] should be granted in part and denied in part.[2]

---

[1]  Defendant Drying Facility's Motion was submitted jointly with Defendant Shale Support Services, LLC ("Shale"); however, Shale was dismissed with prejudice by this Court's Order [364] granting summary judgment to Shale.

[2]  The Court did not consider Defendants' Replies [361] [363] in support of their Motions because neither the Local Rules nor the Court's Order Setting Pretrial Conference [321]

I. BACKGROUND

On July 6, 2017, Defendants LH&J and Drying Facility filed their Motions in Limine [324] [326] seeking to prohibit Plaintiffs from offering any testimony in two basic areas: (1) those expert opinions of Plaintiffs' expert hydrologist Gillian S. Butler ("Butler") that were not contained in her Report; and (2) lay opinions of Plaintiffs concerning mold, mildew, and termite damage to their houses and soil damage to their properties. LH&J Mot. in Lim. [324] at 1-3; Drying Facility Mot. in Lim. [326] at 1-2. Drying Facility further requests that Plaintiffs be prohibited from offering lay opinions on the subject of the construction or operation of the frac sand plant (the "Plant") which is at the center of this dispute. Drying Facility Mot. in Lim. [326] at 1-2. Defendants contend that any testimony by Plaintiffs on the latter two of these three issues should be precluded because Plaintiffs are not experts qualified to testify on such subjects. LH&J Mot. in Lim. [324] at 1-3; Drying Facility Mot. in Lim. [326] at 1-2.

Plaintiffs respond that Butler is not offering new opinions and that Plaintiffs can offer lay opinions as to their perception that the damage to their houses and properties was caused by Defendants through the alleged improper construction and operation of the Plant. Mem. in Opp' [344] at 1-16; Mem. in Opp'n [352] at 1-23.

---

contemplates a reply in support of a motion in limine. *See* L. U. Civ. R. 7(b)(2)(E).

## II.  DISCUSSION

A.  <u>LH&J and Drying Facility's Motions [324] [326] should be granted as to their request that Butler's testimony be limited to the opinions expressed in her Report.</u>

At the July 20, 2017, Pretrial Conference in this case, the Court addressed Defendants' Motions as they pertained to Butler's testimony.   For the reasons stated into the record by the Court, and in accordance with the Federal Rule of Civil Procedure 26(a)(2) and Local Uniform Civil Rule 26(a)(2)(D), Butler may only testify to those actual opinions disclosed in her April 25, 2016, Report, as updated in her January 27, 2017, Report.   *See* FED. R. CIV. P. 26; L. U. CIV. R. 26(a)(2)(D). Simple production of underlying data will not be sufficient grounds for Butler to offer opinions not expressly stated in her Reports.

B.  <u>LH&J and Drying Facility's Motions [324] [326] should be granted as to their request that Plaintiffs be prohibited from offering lay testimony concerning alleged mold, mildew, and termite damage to their houses and soil damage to their properties.</u>

Plaintiffs claim that their houses and yards were damaged due to the negligence of Defendants.

> A plaintiff advancing a negligence claim against a defendant in Mississippi must show by a preponderance of the evidence that the defendant had a duty, breached that duty, causing the plaintiff to suffer damages, and a causal connection between those damages and the breach of duty such that the breach is the proximate cause of the damages to establish a cause of action for negligence.

3

*Robbins v. Computer Sciences Corp.*, 486 F. Supp. 2d 581, 586 (S.D. Miss. 2007) (citing *Gulledge v. Shaw*, 880 So. 2d 288, 292-93 (Miss. 2004)).

In the present case, Plaintiffs appear to be asserting that Defendants' negligence in constructing and operating the Plant and corresponding rail spur has caused mold, mildew, and termite damage to their houses and soil damage to their property. Even assuming, without deciding, that Plaintiffs could establish the existence of a duty and a breach of that duty at trial, Plaintiffs have presented no expert opinion that causally relates either the alleged mold, mildew, or termite damage, or the alleged soil damage to a breach of any duty owed by either LH&J or Drying Facility.

Also, Plaintiffs offer no legal authority to support their position that they themselves as lay witnesses are qualified to offer opinions on causation as it pertains to these particular categories of damages. To the contrary, the lay testimony Plaintiffs seek to offer violates Rule 701(c) because it is clearly "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701(c).

The notion that Plaintiffs can offer lay testimony to establish soil damage to their property is further undermined by the testimony of Butler, Plaintiffs' designated hydrology and hydraulics expert. Butler, a civil engineer, acknowledged in her deposition that she was not qualified to testify what effect, if

4

any, "the ponding or the slow drainage or whatever is affecting the soil, that's outside of my - - that soil structural part is outside of my expertise. I don't know how long water has to sit before it's a problem as far as structural problems to a house." Butler Dep. [234-25] at 35.[3] When asked if she, as "an engineer in the field of hydrology and hydraulics," had an opinion about whether the changes in flooding in Ravenwood had resulted in any harm to Plaintiffs, Butler responded "No." Butler Dep. [234-25] at 36.[4] The Court finds that the damages on which Plaintiffs purport to testify constitute matters within the realm of expert testimony for which they are not qualified. Plaintiffs will not be allowed to testify that any alleged increase in flooding on their properties caused any damage to their houses or soil damage to their properties.

Even if Plaintiffs could demonstrate that this proposed testimony is otherwise relevant, its probative value is substantially outweighed by the dangers of unfair prejudice to Defendants and confusion of the issues which could mislead the jury. See FED. R. EVID. 403.

Plaintiffs will not be allowed to testify about the alleged presence or cause of mold, mildew, and termite damage to their houses, or the alleged soil damage to their properties. Since Plaintiffs will not be allowed to testify about these alleged

---

[3] Butler Dep. [234-25] at 35 (pages 135-36 as paginated by the court reporter).
[4] Butler Dep. [234-25] at 36 (pages 139-40 as paginated by the court reporter).

5

damages, any alleged costs of repair for these items are not relevant and would otherwise violate Rule 403, and will therefore be excluded from evidence at trial.

C. <u>Drying Facility's Motion [326] seeking to prohibit Plaintiffs from testifying about the construction and operation of the Plant should be granted in part and denied in part.</u>

1. <u>Drying Facility's Motion to prohibit Plaintiffs from offering any testimony against Drying Facility based upon its construction or operation of the Plant prior to October 6, 2014, should be granted.</u>

Plaintiffs appear to concede that Drying Facility can only be held "responsible" for damages that occurred after Drying Facility purchased the Plant, free and clear of any successor liability, out of bankruptcy on October 6, 2014. Mem. in Opp'n [353] at 3-4. However, Plaintiffs argue that they should be allowed to offer lay testimony to establish that their houses have been damaged by the vibrations caused by "trucks, bulldozers[,] and other heavy equipment" that Drying Facility utilizes in its day-to-day operation of the Plant.

Plaintiffs' argument is not well taken. Lay testimony cannot establish a causal relationship between the operation of the Plant and any alleged structural damage to Plaintiffs' houses. This Court has previously discussed the level of expertise required to establish a causal relationship between vibrations and structural damage in its Order [333] finding that the opinions of Jamie L. Saxon, P.E., who was proffered by Plaintiffs as a "qualified structural engineer" on the question of causal relationship between the construction/operation of the Plant and

6

the damage to Plaintiffs' houses, were not reliable and would not be permitted at trial.

Plaintiffs will not be permitted to testify on the subject of Drying Facility's construction or operation of the Plant prior to October 6, 2014, or to any structural damages to Plaintiffs' houses after that date that were allegedly caused by vibrations.

> 2. <u>Drying Facility's Motion to prohibit Plaintiffs from offering any lay testimony concerning the alleged use of chemicals or the alleged existence of organic materials in the sand processed at the Plant should be granted in part and denied in part.</u>

Plaintiffs are not experts and cannot testify concerning matters that are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* FED. R. EVID. 701(c). Plaintiffs are not designated as experts and have offered no evidence that they have any specialized knowledge concerning how the Plant operates or the contents of the sand processed at the Plant. Plaintiffs will not be permitted to testify that the Plant uses certain chemicals or to opine that organic materials are contained in the sand processed at the Plant.

Plaintiffs can testify about what they smell. Each Plaintiff's perception of any odor they claim was detected on their property after October 6, 2014, is a factual issue. Issues of fact are the province of the jury. Whether Plaintiffs can produce sufficient evidence that these odors were caused by the operation of the Plant to reach the jury is a question the Court can resolve at trial. Drying

Facility's Motion will be denied without prejudice to the extent it seeks to prohibit any individual Plaintiff from testifying about an odor perceived on their property, but Drying Facility may re-urge objections to specific questions at trial.

> 3. <u>Drying Facility's Motion to prohibit Plaintiffs from offering any lay testimony concerning any distinction between light or heavy industrial use and compliance with zoning ordinances should be granted.</u>

Plaintiffs have not shown that they possess any legal expertise or other specialized knowledge that would enable them to opine on the distinction between light or heavy industrial land use or compliance with zoning ordinances. Plaintiffs will be prohibited from testifying on these issues.

## III.   CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. After review of Defendants' Motions [324] [326] in Limine, Plaintiffs' Responses [343] [352], the record, and relevant legal authority, the Court finds that LH&J's Motion [324] should be granted. Drying Facility's Motion [326] should be denied in that any individual Plaintiff should be permitted to testify about their perception of any odor on their property after October 6, 2014. Drying Facility's Motion will be granted as to the remainder of the issues raised in the Motion. Drying Facility will be allowed to re-urge objections to specific questions or testimony at trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Linfield Hunter & Junius, Inc.'s Motion [324] in Limine to Exclude Non-Disclosed Expert Opinions, Improper Lay Opinions, and Hearsay Opinions regarding Damages is **GRANTED** and Plaintiffs will be prohibited from offering any opinions of their expert Gillian S. Butler that are not expressly stated in her April 25, 2016, Report, as updated in her January 27, 2017, Report; and Plaintiffs will not be permitted to testify that they have suffered mold, mildew, or termite damage to their houses, or soil damage to their properties.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Drying Facility Asset Holdings, LLC's Motion [326] in Limine to Preclude Improper Testimony on Damages and Defendant's Operations is **DENIED WITHOUT PREJUDICE IN PART**, in that any individual Plaintiff will be permitted to testify about their perception of any odor on their property after October 6, 2014.   Drying Facility's Motion is **GRANTED IN ALL OTHER ASPECTS**, and Plaintiffs will be prohibited from offering any opinions of their expert Gillian S. Butler that are not expressly stated in her April 25, 2016, Report, as updated in her January 27, 2017, Report; Plaintiffs will not be permitted to testify that they have suffered mold, mildew, or termite damage to their houses, or soil damage to their properties; Plaintiffs are prohibited from testifying about any damages incurred from the construction and operation of the Plant prior to October 6, 2014; and Plaintiffs are

9

prohibited from testifying about damages caused by any construction or operation of the Plant that occurred after October 6, 2014, based upon vibrations, or from testifying about the light or heavy industrial use of the property, or whether the Plant is in compliance with zoning ordinances.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that all counsel shall instruct their clients and witnesses consistent with the Court's Order and shall instruct them not to venture into areas prohibited by the terms of this Order.

**SO ORDERED AND ADJUDGED**, this the 27th day of July, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE